William Gr. Eastoe, J.
On September 27, 1958, claimants filed the instant claim seeking damages for the permanent appropriation in fee of .857 acres of land in the Town of Cicero, Onondaga County.
Preceding the filing of the claim and before the filing of the appropriation maps by the State, claimants obtained an injunction pendente lite restraining the State from removing certain trees fronting along their property. Thereafter, by agreement of the parties, the injunction was vacated and the State filed the instant appropriation map.
Claimants seek an award for the alleged fee appropriation of a 18-foot by 1131-foot strip of land bordering Eoute 11 in front of their farm residence, and for the consequential damages resulting from the removal of 11 large shade trees growing within this strip.
The State contends it possessed a highway easement over the land in question and that the trees, being within the State’s right of way, were properly removed and no compensation should be paid.
Claimants ’ proof showed ownership to the center of the highway and that they and their predecessors had utilized the strip of land west of the used portion of the existing highway.
The State filed this appropriation map, taking the fee from the center line of the pavement to a width of four rods, so as to include the so-called ‘ ‘ non-used ’ ’ strip in question.
Whether the State prior to this taking had a four-rod highway easement (so as to include the strip in question) or not makes very little, if any, difference to the compensable damages here. The fee taking adds but little to claimants’ damage, for it is well recognized that the destruction of trees is an element *1098 of damage whether the trees were located on property actually owned by claimants or within an area subject to the easement of a public highway.
It is our conclusion that the land taken was within the right of way and subject to such easement. The only damages compensable here are for the loss of the fee taken (which was already subject to the highway easement and on which the trees were located) and the consequential damage occasioned thereby. (Stevens v. State of New York, 21 Misc 2d 79 [1959].)
It is the opinion of the court that the fair and reasonable value of claimants ’ land and buildings prior to the fee appropriation and tree removal was $95,140 and the value after the fee appropriation and tree removal was $88,850. Claimants have been damaged in the sum of $6,290, and are entitled to an award in that amount with interest from June 16, 1958 through the date of entry of judgment herein.
The claim was duly filed and has not been assigned. The court has viewed the premises.
The description of the appropriated parcel is set forth in Appendix A attached hereto [not printed herein].
The award to the claimants herein is exclusive of the claims, if any, of persons other than the owners of the appropriated property, their tenants, mortgagees and lienors having any right or interest in any stream, lake, watercourse, street road, highway or right of way, or the bed thereof, within the limits of the appropriated property or contiguous thereto, and is exclusive also of any claim if any, for the value of or damages to easements and appurtenant facilities for the construction, operation and maintenance of public service, electric, telephone, telegraph, pipe and railroad lines.